Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3047 | **DATE** | 12/4/2003 |
| **CASE TITLE** | Sharif vs. Wellness Intl | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    Status hearing held and continued to 02/02/04 at 9:00 a.m. For the reasons stated on the attached memorandum opinion, the Court hereby denies defendants' motion to stay. Enter Memorandum Opinion.

(11) ■    [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | DEC 05 2003 date docketed | | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 DEC -4 PM 3:13 | date mailed notice | |
| MW | courtroom deputy's initials | Date/Time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RICHARD AND SOUZAN SHARIF, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 02 C 3047 |
| WELLNESS INTERNATIONAL NETWORK, LTD., a/k/a WIN, et al., | ) | |
| Defendants. | ) | |
| | | Consolidated With |
| ROSEE TORRESS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 02 C 5801 |
| WELLNESS INTERNATIONAL NETWORK, LTD., a/k/a WIN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

Before this court is Defendant Wellness International Network, LTD.'s ("Defendant") motion to stay proceedings pending appeal in civil actions 02 C 3047 and 02 C 5801. For the forgoing reasons, we deny the Defendant's motion.

## BACKGROUND

Case 02 C 3047 Shariff, et al. v. Wellness International Network and case 02

C 5801 Torres, et al. v. Wellness International Network were originally assigned to Judge Manning. Judge Manning consolidated both of these cases and on January 9, 2003 Plaintiffs from both cases filed a consolidated and amended complaint against the Defendants. Defendants filed a motion to dismiss this complaint on March 10, 2003, Plaintiffs responded on May 15, 2003, and Defendants filed their reply on May 30, 2003. On August 5, 2003, case # 02 C 3047 was reassigned from Judge Manning to the undersigned Judge. On October 29, 2003, case # 02 C 5801 was reassigned from Judge Manning to the undersigned Judge.

On October 20, 2003, this court stated in a minute order following an initial status hearing that the court would issue a ruling on Defendant's motion to dismiss by mail before February 2, 2004. On the same day this court issued that minute order, the defendant filed with this court a motion to compel arbitration in the state of Texas. Def.'s Mot. to Compel Arbitration p. 3,4. On October 23, 2003, during a motion call, this court orally denied the defendant's motion to compel arbitration in the state of Texas stating that the defendant already had before this court a motion to dismiss this action for lack of venue pursuant to 28 U.S.C. § 1406(a). This court notes that in both defendant's motion to dismiss and its reply brief, the defendant presented to this court an agreement between the parties that provided that the proper venue for the matter was in the state of Texas and that arbitration shall take place in the state of Texas. Def.'s Mot. to Dismiss p. 3; Def.'s Reply in Supp. of

their Mot. to Dismiss p.'s 2-5. The defendant filed a motion to compel arbitration in the state of Texas while this court was already set to rule on a motion to dismiss which included the Defendant's argument that the agreement of the parties contained an arbitration clause in Texas.

On November 6, 2003, the defendant appealed this court's decision to deny the defendant's motion to compel arbitration to the Seventh Circuit. On November 7, 2003, the defendant filed with this court a motion to stay pending the appeal to the Seventh Circuit.

## DISCUSSION

Generally, a denial of a motion to compel arbitration is appealable to the Seventh Circuit and generally a motion to stay pending such an appeal may be granted. However, the court finds that the defendant's motion to compel arbitration in the state of Texas was a superfluous action inasmuch as the defendant's pending motion to dismiss for improper venue already included the arbitration clause in Texas. Def.'s Mot. to Dismiss p. 3; Def.'s Reply in Supp. of their Mot. to Dismiss p.'s 2-5. This Court did not deny the Defendant's motion to compel arbitration in Texas on the merits, but ruled that it would not grant such a motion at that time because the defendant already had a motion to dismiss before this court and a ruling on the motion was scheduled which would have been dispositive of the issue on the merits. A decision to grant the defendant's motion to compel arbitration would have

been tantamount to granting the pending motion to dismiss. This court also notes that in this case it has not scheduled any discovery dates before the court rules on the defendant's motion to dismiss.

Therefore, this court finds that the defendant's motion to compel arbitration and the appeal from the denial of such motion - a denial which was based upon the fact that a motion to dismiss which included the arbitration agreement was already pending before this court and ripe for a ruling - is superfluous. Defendant's motion to stay pending appeal is moot inasmuch as no discovery has been scheduled to be stayed. In addition, in *Bradford-Scott Data Corp. v. Physician Comp. Network, Inc*, 128 F.3d 504, 506-507 (7th Cir. 1997), the Seventh Circuit stated "either the court of appeals or the district court may declare that the appeal is frivolous, and if it is, the district court may carry on with the case." Even though this court has not found the defendant's appeal to be frivolous, it has found that the defendant's motion to compel arbitration and the appeal from the denial of such motion is superfluous. Therefore, the defendant's motion to stay is denied.

Defendant's motion to dismiss on the grounds, among others, that venue in this case is in Texas and that the agreement of the parties provided for arbitration in Texas is fully briefed before the court. This court is scheduled to rule on the motion before February 2, 2004.

                                              _____
                                              Samuel Der-Yeghiayan
                                              United States District Court Judge

Dated: December 4, 2003